UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANGELA MCALISTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-1612 (RMC) |
| JOHN E. POTTER, Former Postmaster General, United States Postal Service, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Angela McAlister was arrested in November 2005 for allegedly assaulting her supervisor at the United States Postal Service. Ms. McAlister alleges that two Postal Service Inspectors used excessive force when they "dropped" her several times and dragged her up a set of stairs while assisting District of Columbia Metropolitan Police Department Officers with her arrest. Ms. McAlister states that she was injured and embarrassed by the arrest and seeks one million dollars in damages against the unnamed Postal Service Inspectors and against John E. Potter, the former Postmaster General of the United States Postal Service. Plaintiff filed a similar complaint in 2008 which was dismissed by this Court on August 23, 2010. The Court will likewise dismiss this Complaint.

### I. FACTS

The facts are set forth in greater detail in this Court's August 23, 2010 memorandum opinion. *See McAlister v. Potter*, 570 F. Supp. 2d 24 (D.D.C. 2008) ("*McAlister I*"). On September 1, 2005, Ms. McAlister got into a fight with her supervisor, Robert

Fauntleroy over a leave slip. According to the Defendants, "Ms. McAlister . . . pushed Mr. Fauntleroy in his upper-body and proceeded to hit him multiple times in the shoulder with enough force [to] knock[] him backward. Ms. McAlister continued pushing and hitting Mr. Fauntleroy and swung at him in a slapping motion . . . ." *McAlister I* at 138. As a result, Ms. McAlister was eventually terminated from her job and criminal charges were filed against her.

In November 2005, two Postal Service Inspectors sought to have Ms. McAlister arrested. According to her Complaint, the inspectors followed her home from her therapist's office and "cut her off in traffic and nearly caused an accident." Compl. ¶ 6. After they arrived, the inspectors allegedly "screamed through her front door, broke her storm door, and started pounding on her wooden door." *Id.* Eventually, Ms. McAlister agreed to drive to a District of Columbia Metropolitan Police Department ("MPD") station where she was arrested. Ms. McAlister suffers from degenerative hip disease and cannot walk without a cane. While she was being arrested and taken into the MPD Station, Ms. McAlister fell three times, injuring her legs and hips. "After she fell a third time, the Postal Service inspectors dragged her up a set of stairs on her backside into the station and placed her in a chair." *Id.* She was later taken to a hospital and treated for trauma to her lower body.

Ms. McAlister claims that Defendants' conduct violated her Fourth Amendment right against unreasonable searches and seizures and that it also violated her civil rights under 42 U.S.C. § 1983. Defendants respond that the Complaint should be dismissed because it is barred by both collateral estoppel and *res judicata*; Plaintiff has failed to identify a valid waiver of sovereign immunity; Plaintiff has failed to state a claim for relief; and Plaintiff failed to serve the Defendants properly.

## II.  LEGAL STANDARD

### A.  Insufficient Service of Process

Pursuant to Federal Rule of Civil Procedure 12(b)(5), "[i]f the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint . . . Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).  Personal service of process (or waiver of service) is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999). The requirement is meant to ensure that defendants receive adequate notice of proceedings against them. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  Failure of service is a jurisdictional defect which is fatal. *Cambridge Holdings Group v. Fed. Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007) (noting that "unless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all.") (citing *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).  Accordingly, courts routinely dismiss actions when service is improper. *See, e.g.*, *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987).

### B.  Failure to State a Claim

A motion to dismiss for failure to state a claim challenges the adequacy of a complaint on its face.  Fed. R. Civ. P. 12(b)(6).  A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

A court must treat the complaint's factual allegations as true "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

Defendants argue that Ms. McAlister's Section 1983 claim is barred by *res judicata* and collateral estoppel. Ms. McAlister responds that neither *res judicata* nor collateral estoppel can bar her claim because it was previously dismissed without prejudice. Defendants counter that even if the claim is not barred, Ms. McAlister has failed to state a claim upon which relief can be granted. Ms. McAlister is correct that the claim is not barred; however, the Court will dismiss her claims because — just as in her previous complaint — she presents no facts from which the Court could grant relief.

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Apotex*

*Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). "*Res judicata* plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153-54. The four requisites to find *res judicata* are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. *See Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001).

Under the doctrine of collateral estoppel, or issue preclusion, an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent action between the same parties or their privies. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Yamaha Corp. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). Collateral estoppel cannot apply against a party unless the party had "a 'full and fair opportunity' to litigate [the] issue in the earlier case." *Allen*, 449, U.S. at 95 (quoting *Montana*, 440 U.S. at 153). Like *res judicata*, collateral estoppel relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication. *Montana*, 440 U.S. at 153-54.

This Court dismissed Ms. McAlister's prior Section 1983 claim because she failed to allege any facts that would "allow the Court to draw any inference that the Postal Inspectors were acting under color of D.C. law." *McAlister I* at 146. This Court specifically dismissed the

claim without prejudice to allow Ms. McAlister to present additional facts that would support her claim.  Because the claim was dismissed without prejudice, there was no "final judgment on the merits," and *res judicata* does not apply.  *Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29.  Similarly, Ms. McAlister's Section 1983 claim was not litigated in *McAlister I* and was not necessary to this Court's judgment in *McAlister I*.  Thus, collateral estoppel is no bar.  *See Allen*, 449 U.S. at 94.

Ms. McAlister's Section 1983 claim must still be dismissed, however, because, just as in her first complaint, she "has simply not pleaded sufficient factual content to allow the Court to draw any inference that the Postal Inspectors were acting under color of D.C. law."  *McAlister I* at 146.  Without officials acting "under color of" state law, there is no Section 1983 violation.  42 U.S.C. § 1983.  This is as true today as it was more than 15 months ago when this Court issued its decision in *McAlister I*.  The law is the same; Ms. McAlister's claim is the same; the result is the same.

### B.  Claim Against John Doe Postal Service Inspector(s)

Ms. McAlister claims that the two Postal Service Inspectors who assisted in her arrest used "excessive force."  Compl. ¶ 13.  Specifically, Ms. McAlister claims that the inspectors "dropped her on the sidewalk three times, and dragged her up a flight of stairs causing injuries to her legs and hips."  *Id*.  Although Ms. McAlister fails to mention *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) in either her Complaint or opposition to Defendants' motion to dismiss, the Court liberally construes her Complaint and finds that she may have a *Bivens* action against the two unidentified inspectors.  Her claim still must be dismissed, however, because she failed to serve the inspectors.

*Bivens* held that a plaintiff might get money damages from a federal agent who violates the plaintiff's Fourth Amendment rights. *Bivens*, 403 U.S. at 395-396. The Fourth Amendment protects individuals "against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. An official who uses excessive force during an arrest violates the Fourth Amendment's prohibition against unreasonable seizures. *See, e.g., Graham v. Connor*, 490 U.S. 386, 396 (1989). In determining whether the force used during an arrest is unreasonable, the Court weighs "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotations and citations omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973). Whether the force used is reasonable depends on "the facts and circumstances of [the] particular case, including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether [s]he [wa]s actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." *Id.* at 396–97. "Thus, for [plaintiff's] claim to prevail, 'the excessiveness of the force [must be] so apparent that no reasonable officer could have believed in the lawfulness of his actions.'" *Oberwetter v. Hilliard*, 639 F.3d 545, 555 (D.C. Cir. 2011) (quoting *Wardlaw v. Pickett*, 1 F.3d 1297, 1303 (D.C. Cir.1993)).

At this point, the Court has insufficient facts to determine if the force used in

effectuating the arrest was excessive.  Defendants argue that Ms. McAlister has filed "the exact same claim[] supported by the exact same facts as her [prior complaint]" and therefore this claim should be dismissed as it was in *McAlister I*.  This is not quite accurate.  This Court dismissed Ms. McAlister's prior claim of excessive force because "[t]he only possible allegation of force is that the Postal Inspectors 'dropped' Ms. McAlister — which can be read as inconsistent with the application of force in that the act of dropping could be a passive or inadvertent act." *McAlister I* at 148.  This Court dismissed the claim without prejudice because she had not "pleaded sufficient factual content for the Court to conclude that this claim ha[d] facial plausibility." *Id.*  In her present Complaint, however, Ms. McAlister has pleaded additional facts.  Specifically, she alleges that the inspectors dropped her three times and that they "dragged her up a flight of stairs causing injuries to her legs and hips." Compl. ¶ 13.  The additional allegations *may* state a claim of excessive force; the Court cannot conclude on the face of the Complaint whether the force was reasonable.

This claim must nevertheless be dismissed because Ms. McAlister failed to serve either of the inspectors.  *See* Fed. R. Civ. P. 12(b)(5).  Ms. McAlister did not serve them within the initial 120 days required by Rule 4(m), nor did she serve them after the Court granted an additional 30 days in which to effect service.  In fact, there is nothing in the record that suggests Ms. McAlister has even attempted service on either of the inspectors.  "[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all." *Cambridge Holdings Group v. Fed. Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007).  Therefore, the Court will dismiss Ms. McAlister's claim against the Postal Service Inspectors without prejudice.

### C.  Claim Against Postmaster General

It is not clear from the Complaint if Ms. McAlister is suing Mr. Potter, the Former Postmaster General, in his official capacity or personal capacity.  In either case, the claim must be dismissed; however, the analysis is different.

If the Postmaster General is being sued in his official capacity,[1] Ms. McAlister needs to identify a waiver of sovereign immunity in order to recover money damages.  *See, e.g., Clark v. Library of Congress*, 750 F.2d 89, 103 (collecting cases).  Ms. McAlister has failed to do so.  Admittedly, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), provides a limited waiver of sovereign immunity for money damages, but any claim under the FTCA would fail for at least two reasons.  First, Ms. McAlister fails to "assert that [she] has exhausted necessary administrative remedies under the FTCA, which is a mandatory prerequisite . . . ." *Epps v. United States Attorney Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (citing *GAF Corp. v. United States*, 818 F.2d 901 904-05 (D.C. Cir. 1987)).  Second, the FTCA does not provide a remedy for Constitutional violations.  *See id.; Benoit v. United States Dept. of Agriculture*, 608 F.3d 17, 20-21 (D.C. Cir. 2010) ("suits for damages against the United States under . . . the Constitution are barred by sovereign immunity and . . . suits for damages against the United States under the common law must be brought pursuant to the limited waiver of sovereign immunity in the FTCA . . . .").

---

[1] If the Postmaster General is being sued in his official capacity, the proper defendant is Patrick H. Donahoe, who became the Postmaster General on December 3, 2010.  *See* Fed. R. Civ. P. 25(d) (when a public officer is replaced, "[t]he officer's successor is automatically substituted as a party.").  Regardless of who holds the position, Ms. McAlister's claim against the Postmaster General fails for the reasons stated herein.

If Ms. McAlister is suing Mr. Potter individually, then she may have a *Bivens* claim. Such a claim fails, however, because Ms. McAlister has not alleged that Mr. Potter personally acted in *any* way, let alone in a way that violated her constitutional rights. *See, e.g., Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) (to state a *Bivens* claim "[t]he complaint must at least allege that the defendant federal official was personally involved in the illegal conduct."); *Kurtz v. United States*, 798 F.Supp.2d 285, 292-293 (D.D.C. 2011). Dismissal is also be proper because Ms. McAlister failed to serve Mr. Potter personally. *See* Fed. R. Civ. P. 12(b)(5). The Court will dismiss this claim with prejudice because Ms. McAlister failed to state a claim against Mr. Potter. *See* Fed. R. Civ. P. 12(b)(6); *Simpkins*, 108 F.3d at 369-70.

### IV. CONCLUSION

Ms. McAlister fails to state a claim under Section 1983 against any of the Defendants because they were not acting under color of state law. Ms. McAlister fails to state a claim against the Postmaster General in his official capacity because she has not identified a waiver of sovereign immunity, and she fails to state a claim against him in his personal capacity because she does not allege that he personally acted in any way. Any claims Ms. McAlister may make against the unnamed Postal Service Inspectors must be dismissed because she failed to serve them. The Court will grant Defendants' Motion to Dismiss [Dkt. # 8]. A memorializing Order accompanies this Opinion.

Date: February 21, 2012            /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge